UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RUDY BELTRAN PRATS, on behalf of himself and all
other individuals similarly situated,

           Plaintiff,   **INDEX NO.**

    -against-        **COMPLAINT**

OKN INC. D/B/A LE JARDINE DU ROI, AND JOE
QUARTARARO,
          Defendants.
------------------------------------------------------------------X

## I. JURISDICTION AND VENUE}

1. **Federal Question Statute**: Fair Labor Standards Act (FLSA) 129 U.S.C. § 201 et. seq.

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question).

3. **Supplemental Jurisdiction.** Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4. **Basis for venue.** A substantial part of the events or omissions giving rise to the claim occurred in the SOUTHERN District of New York.

## II. THE PARTIES

### PLAINTIFF

5. Plaintiff Rudy Beltran Prats. Beltran Prats resides at 15 central way, Purdys, NY 10578.

### DEFENDANTS

6. On information and belief, OKN Inc d/b/a ("Le Jardine du Roi") is a business located at 95 King St Chappaqua, NY 10514.

7. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, Le Jardine du Roi performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

8. On information and belief, Joe Quartararo is the owner of OKN Inc d/b/a Le Jardine du Roi and his regular workplace is located at 95 King St Chappaqua, NY 10514.

9. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, Joe Quartararo performed one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the wage rate of Plaintiff, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

**Class Definition**

10. Plaintiffs bring each cause of action set forth herein as a collective action on behalf of the following potential opt-in litigants:

    **All current and former back-of-the-house restaurant staff who performed work for OKN Inc d/b/a Le Jardine du Roi from the facility located at 95 King St Chappaqua, NY 10514, in any workweek in the past three years ("FLSA Collective").**

11. Plaintiffs reserve the right to redefine the FLSA Collective prior to class certification and thereafter, as necessary.

12. Plaintiffs bring each New York Labor Law ("NYLL") cause of action as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former back-of-the-house restaurant staff who performed work for OKN Inc d/b/a Le Jardine du Roi from the facility located at 95 King St Chappaqua, NY 10514, in any workweek in the past six years ("New York Class").**

13. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary

14. All allegations alleged herein by Plaintiff are alleged on behalf of the FLSA Collective and New York Class defined in this Complaint, as amended.

### III. BACKGROUND FACTS.

**PLAINTIFF**   Beltran Prats

15. The Defendants employed Plaintiff Beltran Prats as a W2 non-exempt wage earner.

16. The Defendants hired Plaintiff Beltran Prats on or around November 2009.

17. Plaintiff Beltran Prats stopped working for the Defendants on or around April 17, 2024.

18. Defendants employed Plaintiff Belltran Prats as a chef.

19. Plaintiff Beltran Prats's job duties included running the kitchen, selecting the fish and meats for the next day, organizing the catering, and preparing all special requests.

20. Plaintiff Beltran Prats worked for the Defendants in the 2024 calendar year.

21. Plaintiff Beltran Prats worked for the Defendants in the 2023 calendar year.

22. Plaintiff Beltran Prats worked for the Defendants in the 2022 calendar year.

23. Plaintiff Beltran Prats worked for the Defendants in the 2021 calendar year.

24. Plaintiff Beltran Prats worked for the Defendants in the 2020 calendar year.

25. Plaintiff Beltran Prats worked for the Defendants in the 2019 calendar year.

26. Plaintiff Beltran Prats worked for the Defendants in the 2018 calendar year.

27. Plaintiff Beltran Prats regularly worked approximately 67.5 hours per week.

28. Plaintiff Beltran Prats worked approximately 45 weeks each year for the Defendants.

29. Plaintiff's general work schedule was Mondays, Thursdays, Fridays, Saturdays, and Sundays from 10:00 AM to 11:30 PM.

30. Plaintiff Beltran Prats typically worked Mondays, Thursdays, Fridays, Saturdays, and Sundays, with Wednesdays and Tuesdays off.

31. From January 1, 2018, to December 31, 2018, Defendants paid Plaintiff Beltrans Prats $20.00 per hour.

32. From January 1, 2019, to December 31, 2020, Defendants paid Plaintiff Beltrans Prats $22.00 per hour.

33. From January 1, 2021, to April 24, 2024, Defendants paid Plaintiff Beltrans Prats $27.00 per hour.

34. Defendants paid Plaintiff Beltran Prats on a weekly basis.

**UNPAID OVERTIME CLAIM**

35. Defendants failed to pay Beltran Prats an overtime premium equal to 1.5x Beltran Prats's regular rate.

36. Instead of paying Plaintiff Beltran Prats an overtime premium of 1.5 x Plaintiff Beltran Prats's regular rate of pay, Defendants paid Plaintiff Beltran Prats by only paid straight time rate for all hours worked over 40.

3

37. Defendants engaged in this unlawful overtime pay practice from June 1, 2018, through April 24, 2024.

38. Plaintiff is owed approximately 27.5 hours of overtime per week for all weeks of employment with Defendant.

39. Instead of paying Plaintiff overtime, the Defendants would pay Plaintiff a portion of the wages in check and the other portion in cash.

40. The total amount of wages received never amounted to providing the correct overtime premium.

**SPREAD OF HOURS VIOLATION.**

41. From June 1, 2028, through April 24, 2024, Plaintiff Beltran Prats regularly worked approximately 67.5 hours per week.

42. Plaintiff Beltran Prats worked approximately 45 each year for the Defendants.

43. Defendants failed to pay Plaintiff Beltran Prats a spread of hours premium equal to 1 hour of minimum wage for each day spanning more than 10 hours.

44. Plaintiff Beltran Prats worked approximately 13.5 hours per day during his employment tenure.

**RETALIATION FACTS**

45. Defendants unlawfully retaliated against Plaintiff Beltran Prats because Plaintiff engaged in protected activity.

46. On or about April 9, 2024, Plaintiff Beltran Prats engaged in protected workplace activity when Plaintiff Beltran Prats complained to the Defendants about his overtime and spread of hours theft.

47. On or about April 24, 2024, Plaintiff Beltran Prats engaged in protected workplace activity while looking for better job offers after his complaint was denied.

48. Defendants fired Plaintiff because Plaintiff Beltran Prats engaged in the aforementioned protected acts.

49. Defendants retaliated against Plaintiff Beltran Prats because Defendants fired Plaintiff right after Plaintiff made the complaint.

**Collective Action Allegations**

50. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

51. Plaintiff desires to pursue Plaintiff's FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

52. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as the house restaurant staff under the Defendants' previously described common pay practices, and because of such practices, they were not paid the full and legally-mandated overtime premium wage for hours worked. Resolution of this action requires inquiry into common facts, including, *inter alia*, the Defendants' common compensation, timekeeping and payroll practices.

53. Specifically, the Defendants typically paid Plaintiffs and the FLSA Collective by using a weekly salary and lump sum bonus system, which deprived Plaintiffs of the proper weekly wage. Accordingly, Plaintiff and the Similarly Situated Plaintiffs did not receive overtime pay at the proper rate.

54. The Similarly-Situated employees are known to the Defendants, are readily identifiable, and may be located through the Defendants' records and the records of any payroll company that the Defendant uses.

55. The Defendants employ FLSA Collective Members in the State of New York.

56. These Similarly-Situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

**Class Action Allegations**

57. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and the New York Class defined above.

58. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

59. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class.

60. Plaintiffs' counsel is competent and experienced in representing a class and multi-plaintiff wage and hour claims such as this one.

61. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation:

    a) whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of paying the house restaurant staff by salary and paying less than the New York State Minimum

5

        Overtime Wage rates for all overtime hours worked by Plaintiffs and the New York Class,

62. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation:

    a) Plaintiffs are members of the New York Class,

    b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class,

    c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances,

    d) there are no conflicts between the interests of Plaintiffs and the New York Class members; and

    e) the injuries suffered by the Plaintiffs are similar to the injuries suffered by the New York Class members.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

64. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

65. The New York Class is readily identifiable from the Defendants' own employment records.

66. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

67. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

68. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
### (Failure to pay overtime wage)
### (29 USC 201 et. seq; The Fair Labor Standards Act)

69. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

70. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

71. Defendants failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the FLSA and the supporting Federal Regulations.

72. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

73. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

74. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

75. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

76. Under NY Lab. Law §191, an employer is required to pay an employee within the statutory time frames set forth in the statute.

77. Defendants failed to pay the Plaintiff wages as required by NYLL §191 by not paying wages within the statutory time-period.

78. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

7

## THIRD CAUSE OF ACTION
### (Unlawful Wage Deductions)
### NY Lab. Law §193

79. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

80. Under NY Lab. Law §193, an employer is prohibited from making any deduction from an employee's wages unless authorized by statute.

81. As set forth herein, Defendants made wage deductions from the Plaintiff wages that were not permitted under the statute.

82. Because of Defendant's unlawful withholding of wages, Plaintiff suffered harm.

## FOURTH CAUSE OF ACTION
### (Failure to pay Overtime Wages)
### (*NYLL §652 et. seq.*; The New York Labor Law)

83. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

84. The overtime wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect the Plaintiff.

85. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the New York Labor Law and the supporting New York State Labor Regulations.

86. By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked, they have willfully violated the New York Labor Law, and the supporting New York State Department of Labor Regulations.

87. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## FIFTH CAUSE OF ACTION
### (Retaliation)
### (Fair Labor Standards Act; 29 USC §215)

88. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

8

89. The anti-retaliation protections of FLSA §215 and its supporting regulations apply to the Defendants and protected the Plaintiff.

90. As described herein, the Defendants retaliated against Plaintiff when the Defendants took an adverse employment action against Plaintiff because the Plaintiff engaged in protected activity.

91. By Defendants' knowing or intentional retaliation against the Plaintiff, the Defendants violated FLSA §215, and the supporting regulations.

92. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney's fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

### SIXTH CAUSE OF ACTION
**(Retaliation)**
**(New York State; NY Labor Law §215)**

93. All allegations are hereby repeated, re-alleged and reincorporated as though fully set forth herein.

94. The anti-retaliation protections of NY Lab. Law §215 and its supporting regulations apply to the Defendants and protected the Plaintiff.

95. As described herein, the Defendants retaliated against Plaintiff when Defendants took an adverse employment action against Plaintiff because Plaintiff Beltran Prats engaged in the protected activity.

96. By Defendants' knowing or intentional retaliation against the PlaintiffBeltran Prats, the Defendants violated NYLL §215 and the supporting regulations.

97. Due to Defendants' violations, Plaintiff is entitled to recover lost wages, compensatory damages, liquidated damages, punitive damages; reasonable attorney's fees, expenses, and the costs of the action; pre-judgment and post-judgment interest from the Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B.  Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C.  An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.  Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

F.  Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

G.  Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

H.  Pre-judgment interest and post-judgment interest;

I.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

J.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

K.  Reasonable attorney fees and costs of the action under the FLSA, NYLL, and WTPA;

L.  Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: White Plains, New York
May 28, 2024

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com